# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAIME L. ALBINO,**

        **Plaintiff,**

**v.**                                       **Case No:  6:16-cv-2151-Orl-37DCI**

**BEVERLY ALBINO, DIANA M.
TENNIS, ANN COFFIN, JEFFREY L.
ASHTON, FREDERICK J. LAUTEN,
PAMELA BONDI, HERNAN CASTRO
and NORBERTO KATZ,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT
> WITHOUT PREPAYING FEES OR COSTS (Doc. 2)**
>
> **FILED:**      **December 7, 2016**
>
> **THEREON** it is **ORDERED** that the motion (Doc. 2) be **DENIED** and the
> Complaint (Doc. 1) be **DISMISSED without prejudice.**

## I.    BACKGROUND.

On December 7, 2016, Jamie L. Albino (Plaintiff), who resides in New York, filed a complaint (the Complaint) against Beverly Albino, Judge Diana M. Tennis, Ann Coffin, Jeffrey L. Ashton, Judge Frederick J. Lauten, Pamela Bondi, Hernan Castro, and Norberto Katz (collectively, Defendants) in the United States District Court for the Eastern District of New York. Doc. 1. The Complaint is not a model of clarity, but it appears to stem from Plaintiff's failure to

pay child support and the State of Florida's attempts to collect child support payments from Plaintiff. *See id*. at 8-13. Specifically, Plaintiff appears to allege that Judge Tennis ordered him to pay child support to Ms. Albino sometime in 1999. *See id*. at 8. Plaintiff alleges that Judge Tennis did not have the authority to order him to pay child support, because child support is a matter of contract, and he did not consent to paying child support. *See id*. at 9-11.[1] Plaintiff alleges that Defendants filed several actions in New York state court between 2007 and 2011 seeking to enforce his child support obligations. *See id*. at 12. Plaintiff alleges that the New York state court entered judgment against him in 2011, ordering him to satisfy his child support obligations. *See id*. Plaintiff alleges that:

> The Defendants were [c]onspiring and [c]ollu[ding] to force [him] against his [f]ree [w]ill and intimidate [him] to become an [o]bligor without [his] [c]onsent and a [v]alid autograph [c]ontract explaining the terms and conditions of [t]he alleged [c]ontract [d]ebt of obligation, [f]abricating and forcing [him] to an alleged [o]bligor not a [m]an, thus [s]tripping away [his] [c]onstitutional [r]ights[.]

*Id*. at 13. In light of the foregoing, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants violated the following constitutional and statutory provisions: the First, Fourth, Fifth, Sixth, Seventh, Eighth and Tenth Amendments to the United States Constitution; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 1589; and 26 U.S.C. § 6714. *Id*. at 5. Plaintiff, however, does not allege how each defendant violated the foregoing provisions. *See* Doc. 1. Plaintiff requests the Court void his child support obligations and order each defendant to pay him $3,000,000.00 in punitive damages. *See id*. at 14.

---

[1] Plaintiff also appears to allege that Judge Lauten was somehow involved in the proceedings in 1999, but provides no allegations of fact explaining how Judge Lauten was involved in those proceedings. *See* Doc. 1 at 10-11.

On December 7, 2016, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs, which the undersigned construes as a motion to proceed *in forma pauperis* (the Motion). Doc. 2. On December 15, 2016, the case was transferred to this District. Docs. 4; 5. The Motion is now ripe for review.

## II.   STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2), and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B)(i-iii).[2] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).[3] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

III.    <u>ANALYSIS.</u>

The undersigned finds that Plaintiff is a pauper.  The undersigned, however, cannot determine whether Plaintiff has stated a claim upon which relief may be granted.  The Federal Rules of Civil Procedure mandate that a pleading must contain, in relevant part, a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Plaintiff has failed to meet this basic pleading requirement.  Specifically, Plaintiff claims Defendants violated several constitutional and statutory provisions, but fails to allege how each defendant violated each constitutional and statutory provision.  *See* Doc. 1 at 5, 8-13.  This fundamental flaw frustrates the Court's ability to determine whether Plaintiff has stated any claims upon which relief may be granted.  Therefore, the undersigned finds that Plaintiff has not complied with the basic pleading requirements of Rule 8(a), Federal Rules of Civil Procedure, and, thus, the undersigned finds that Plaintiff has not stated any claims upon which relief may be granted.

In light of the foregoing, the undersigned recommends the Complaint be dismissed.  A *pro se* plaintiff must generally be given one chance to amend his or her complaint if the district court dismisses the complaint.  *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003).  A district court, however, need not allow an amendment where amendment would be futile.  *Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id*.  It light of the issues with the Complaint, the undersigned recommends Plaintiff be given an opportunity to file an amended complaint.

IV.    **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 2) be **DENIED**;

2. The Complaint (Doc. 1) be **DISMISSED without prejudice**;

3. Plaintiff be granted leave to the do the following no later than 21 days after the date the

   Court enters an order on this report:

   a. File an amended complaint; and

   b. File a renewed motion to proceed *in forma pauperis* or pay the full filing fee.

4. Plaintiff be admonished that failure to file an amended complaint in the time provided

   will result in dismissal of this case without further warning.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by regular and certified mail.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 6, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy